OF

## THE STATE OF NEW JERSEY.

### 1919-1920.

EDWIN ROBERT WALKER, ORDINARY.

EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS,
JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER,
MALCOLM G. BUCHANAN AND JAMES F.
FIELDER, VICE-ORDINARIES.

In the matter of the application for probate of the last will and
testament of CATHERINE MORRISSEY, deceased.

[Decided May 13th, 1919.]

1. The filing of a *caveat* with a surrogate does not clothe the orphans
court of the county with any jurisdiction.

2. Filing a petition for the appointment of an administrator *pendente
lite* with the orphans court when no will has been lodged for probate
with the surrogate, or when one has been lodged and no citations have
been issued and before the orphans court has taken action in the matter
of probate, is a nullity.

3. Application to certify questions involved in a controversy over the probate of a will into the circuit court for trial by jury, is discretionary with the orphans court and not mandatory upon that tribunal.

4. A *caveat* was filed with the surrogate protesting against the probate of any alleged will of C. M., deceased, until, &c. Then a petition for the appointment of an administrator *pendente lite* for the estate was filed in the orphans court. Later, a paper-writing purporting to be the last will and testament of decedent was lodged for probate in the prerogative court and an order made for proof thereof in solemn form. Application was then made to set aside the order for proof in the prerogative court on the ground that the orphans court had acquired jurisdiction.— *Held*, that it had not, and that, the prerogative court having obtained jurisdiction, the cause should proceed in that tribunal.

On application to set aside an order for proof of will in solemn form.

*Mr. Herbert Clark Gilson,* for the applicants.

*Mr. Robert H. McAdams, pro se, contra.*

WALKER, ORDINARY.

On April 8th, 1919, Robert H. McAdams, Esq., filed a petition in this court setting forth that Catherine Morrissey, late of the county of Union, departed this life March 22d, 1919, leaving a last will and testament, in which he was named as executor; that the decedent left her surviving certain heirs-at-law and next of kin, naming them; that petitioner desired that proof of the will and testament should be taken in solemn form, and prayed that a date might be fixed therefor, and an order made prescribing the notice to be given to all parties concerned. Upon reading and filing the petition an order was made in conformity with its prayer. And, now, pending the time of the running of the notice, application is made to vacate and set aside the order and to dismiss the petition for probate. This application is made on behalf of certain of the heirs-at-law and next of kin of the decedent, who, on March 31st, 1919, filed a *caveat* with the surrogate of Union county, protesting against the probate of any alleged will of Catherine Morrissey, deceased, until,

&c. These persons set up that fact, and also the further fact, that on the next day, April 1st, 1919, they filed in the Union county orphans court a petition for the appointment of an administrator *pendente lite* in the matter, the gravamen of which seems to be that because "there is very bitter feeling between several of the next of kin of the decedent * * * it is necessary and for the interest of all parties that the rents of the real estate and the income from the personal property should be collected promptly, and that the said property should be preserved and cared for, and that proceeds of any bonds and mortgages maturing should be collected and reinvested;" wherefore, the petitioners prayed "that pending the contest of the said will" (no will having been lodged for probate with the surrogate, and the petition not suggesting that there was any will in existence), a certain trust company might be appointed temporary administrator, &c.

The claim of the petitioners is that the filing of the *caveat* with the surrogate, and of the petition for the appointment of an administrator *pendente lite* with the orphans court of Union county, has vested that court with jurisdiction to take proofs and adjudicate concerning any last will and testament left by Catherine Morrissey, deceased, and that the prerogative court had no jurisdiction to entertain the application for probate petitioned for by the administrator named in her will. This proposition is without any support in the law.

The Orphans Court act (*Comp. Stat. p. 3817 § 15*) provides that probate of any will shall not be granted by the ordinary until proof be made that no *caveat* against proof of such will has been filed in the office of the surrogate of the county where the testator resided at the time of death, *or* that notice has been given to all persons concerned, of the application to the ordinary for such probate. Rule 10 of the prerogative court is but a copy of this statutory provision. Therefore, by the plain words of the statute and rule, probate may be granted by the ordinary upon notice given to all persons concerned in the application, even if a *caveat* be filed, and the *caveat* may, where notice is given, be ignored. In fact, the office of a *caveat* is to protest against ad-

mitting to probate any paper purporting to be the last will and testament of a decedent until examination and decree thereon by the orphans court. If no will is lodged with the surrogate there is nothing upon which the *caveat* can act. The *caveat* confers no jurisdiction, rather the reverse.

In *Fisher's Case, 49 N. J. Eq. 517*, a *caveat* against the probate of a paper purporting to be the will of a decedent was filed with the surrogate of the proper county, and afterwards application was made to that surrogate to admit to probate the paper against which the *caveat* was lodged, but, before the surrogate had issued citations for the appearance of the interested parties in the orphans court, and before that court had taken action in the matter, the application for probate was withdrawn, and the will was lodged in this court for probate. It was held that the withdrawal was a sufficient discontinuance of the proceeding before the surrogate, and that the ordinary would assume jurisdiction upon an application to him for the probate of the will. The case at bar is much stronger against the present petitioners than was the *Fisher Case* against the proponent of the will there sought to be proved. In that case the will had actually been lodged with the surrogate with an application for its admission to probate, but no citation having been issued, the orphans court obtained no jurisdiction. Here, no will has been lodged with the surrogate of Union, and, therefore, no citation could issue. Hence, no jurisdiction obtained in the orphans court.

In *Davenport* v. *Davenport, 68 N. J. Eq. 611*, it is held that an administrator *pendente lite* may be appointed when the appointment of an executor or a general administrator is delayed for any reason or the validity of a will is contested. Now, a perusal of the facts in the case at bar conclusively demonstrates that, at least, up to the present, there has been no delay in the appointment of an executor nor any contest of the will precipitated, although the latter, it is apparent, is likely to take place. But, whether so or not, as the Union county orphans court has not acquired jurisdiction over any last will and testament of Catherine Morrissey, deceased, or any paper-writing purporting to be such, a petition for administration *pendente lite* does not

lie. Those Latin words mean: Pending a suit; during the actual progress of the suit; during litigation. Therefore, as there was no suit or litigation pending in the orphans court concerning the will in question at the time this petition for the appointment of an administrator *pendente lite* was filed, it was, and is, a mere nullity.

The last reason assigned by the applicants for the vacation of the order for probate in solemn form in this court is, that the caveators may desire to have the case certified to the circuit court for trial by jury under *Comp. Stat. p. 3818. § 18*, and if the cause is allowed to proceed in this court on the petition of the executor, it would bar "the right" to a trial by jury. There is no such right.

In *Brothers* v. *Pickel, 81 N. J. Eq. 647*, it was held that an application to certify the questions involved in a controversy over the probate of a will into the circuit court for trial by jury was merely discretionary with the orphans court, and not mandatory upon that tribunal. See, also, *Pritchard* v. *Howell, 87 N. J. Eq. 252, 254.* The provision is that the orphans court *may*, not that it shall, certify the proceeding into the circuit court. If this matter were pending in the orphans court it could not be foretold that that tribunal would certify the cause into the circuit court, and, if it refused, its refusal could not be reversed on appeal, as it is a matter of discretion. Here, as before remarked, we have no matter pending in the orphans court, so, that no question on this score is really presented to this court for decision.

The application *sub judice* is without merit and will be overruled, to the end that the cause be proceeded with in this court, where jurisdiction has been obtained.

The respondent is entitled to costs.